UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHATREK DANIELS,

                Petitioner,

-against-

STATE OF NEW YORK,

                Respondent.

23-CV-00655 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment dated and entered on March 29, 2023, the Court dismissed this action without prejudice for Petitioner's failure to comply with the January 27, 2023 order directing him to either pay the $5.00 filing fee for filing a *habeas corpus* petition under 28 U.S.C. § 2254, or submit an *in forma pauperis* (IFP) application. On April 13, 2023, the Court received from Petitioner a notice of appeal that is dated April 11, 2023, and on April 17, 2023, the Court received from Petitioner an IFP application that is dated April 13, 2023. Because Petitioner is in custody, the Court construes his petition as having been filed on the date appearing on the documents. *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing). The Court assumes that Petitioner gave the documents to prison officials for mailing on the same day that he dated the documents.

      "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Because Petitioner's appeal divests this Court of jurisdiction of the action, the Court

cannot reopen this matter while Petitioner's appeal of the order of dismissal is pending, even though Petitioner has filed an IFP application.

Accordingly, should Petitioner wish to proceed in this Court, he must withdraw his appeal and notify this Court that he has done so. If Petitioner does so within 45 days, and the Court regains the power to act in this matter, the Court will reopen this case based on Petitioner's filing of the IFP application.[1]

## CONCLUSION

The Court grants Petitioner 45 days from the date of this order to withdraw his appeal pending in the Second Circuit in *Daniels v. State of New York*, No. 23-673 (2d Cir.) and notify this Court that he has done so. If Petitioner withdraws the appeal, and the Court regains the power to act in this matter, the Court will reopen this case based on Petitioner's filing of the IFP application.

SO ORDERED.

Dated:   June 28, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Once the Court reopens the action, the Court will screen the petition under Rule 9 of the Rules for the Division of Business Among District Judges and Rule 4 of the Rules Governing § 2254 Cases, and take appropriate action.